UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ELTON WILLIAM ALVIN KOAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:17-cv-602<br><br>Honorable Janet T. Neff |

## **REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to Supplemental Security Income (SSI) benefits. On April 1, 2014, plaintiff filed his application for SSI benefits. (ECF No. 7-5, PageID.163-69). His claim was denied on initial review. (ECF No. 7-4, PageID.112-15). On January 29, 2016, he received a hearing before an ALJ. (ECF No. 7-2, PageID.65-88). On March 2, 2016, the ALJ issued his decision finding that plaintiff was not disabled.[1] (Op., ECF No. 7-2, Page ID.51-61). On May 2, 2017, the Appeals Council denied review (ECF No. 7-2, PageID.32-34), and the ALJ's decision became the Commissioner's final decision.

---

[1] All citations to regulations herein are to the versions in effect on the date of the ALJ's decision.

Plaintiff timely filed his complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

I.  Substantial evidence does not support the ALJ's finding that plaintiff's impairments did not meet and/or equal the requirements of listing 12.05(C).

   A.  The ALJ did not properly address Listing 12.05(C) in his decision.

   B.  The ALJ failed to follow applicable law when he improperly required Mr. Koan to demonstrate an impairment in addition to the "other severe impairment" requirement in Listing 12.05(C).

   C.  The plaintiff met his burden of establishing disability under 12.05(C).

   D.  Mr. Koan is entitled to a remand for an award of benefits.

II. The ALJ's residual functional capacity finding is not supported by substantial evidence under 20 C.F.R. § 416.920a and SSR 98-6p.

   A.  The ALJ failed to consider all the effects of plaintiff's physical and mental impairments on his ability to sustain work activity in determining his RFC.

   B.  The ALJ failed to adequately explain why he found plaintiff was not entirely credible and his findings are not supported by substantial evidence.

(Plf. Brief at iii, ECF No. 16, PageID.573). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial

evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*,

336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity since April 1, 2014, the date he filed his application. (Op. at 3, ECF No. 7-2, PageID.53). Plaintiff had the following severe impairments: "depressive disorder; intellectual disorder; personality disorder; obesity; diabetes; high blood pressure; history of seizures; [and] obstructive sleep apnea." (*Id*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 6, PageID.56). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of medium work with the following exceptions:

> he is limited to hearing and understanding simple oral instructions; he can only perform very simple reading such as safety posters and directions; he can never have exposure to unprotected heights or moving mechanical parts; he is limited to performing simple, routine and repetitive tasks; he can make only simple work-related decisions including that relate to changes in a work setting; he can have frequent contact with supervisors and coworkers, and only occasional contact with the public.

(*Id.* at 7, PageID.57). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (*Id.* at 7-9, PageID.57-59). Plaintiff has no past relevant work. (*Id.* at 9, PageID.59).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were at least 506,800 jobs that exist

in the national economy that hypothetical person would be capable of performing.[2] (ECF No. 7-2, PageID.83-84). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 10-11, ECF No. 7-2, PageID.60-61).

### 1.

Plaintiff argues that the ALJ's decision finding that his impairments did not meet or equal Listing 12.05(C) is not supported by substantial evidence. (Plf. Brief at 8-15, ECF No. 16, PageID.583-90; Reply Brief at 1-5, ECF No. 18, PageID.612-16).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability ... the evidentiary standards [at step three] ... are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Id.* An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

---

[2] The VE actually identified 2,413,000 jobs: 295,000 dishwasher, 1,168,000 cleaner, and 950,000 assembler. (ECF No. 7-2, PageID.83-84). The ALJ's opinion listed all 295,000 dishwasher jobs but cited only one-tenth of the other two jobs: 116,800 cleaner jobs and 95,000 assembler jobs. (Op. at 10, ECF No. 7-2, PageID.60). Plaintiff is receiving the benefit of the smaller number of jobs listed in the ALJ's opinion.

To demonstrate that his intellectual disability meets or medically equals Listing 12.05(C), plaintiff was required to satisfy all of the following requirements:

> (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22"; (2) "a valid verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function."

*Crum v. Commissioner*, 660 F. App'x 449, 455, (6th Cir. 2016) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C)).

The ALJ found that plaintiff did not satisfy the listing's requirement of significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22:

> The claimant has some history of properly carrying out adaptive functions. The claimant graduated from high school; he can do simple reading; he can dress and independently bathe himself and take care of his personal needs; he can prepare simple meals and complete basic household chores. For some interval he lived on his own.

(Op. at 6, ECF No. 7-2, PageID.56).

Plaintiff argues that the ALJ "greatly overstated" his capabilities. (Plf. Brief at 12, ECF No. 16, PageID.587). "The adaptive skills prong evaluates a claimant's effectiveness in areas such as social skills, communication skills, and daily-living skills." *Hayes v. Commissioner*, 357 F. App'x 672, 677 (6th Cir. 2009).

Plaintiff reached age 22 in 2007. The records from plaintiff's developmental period that he filed in support of his claim for SSI benefits were limited to a few scattered school records. (ECF No. 7-7, PageID.251-68). In 1997, a school

psychologist noted that plaintiff had "adapted quite well" in a structured school setting even though he had "been placed among peers who [were] generally more intellectually and academically mature and capable[.]"  (*Id.* at PageID.251). Plaintiff's history included severe abuse by his father.  The school psychologist indicated that the plan was to eventually place plaintiff in foster care.  (*Id.* at PageID.252).  Plaintiff "demonstrated no significant behavioral problems, and had adapted relatively well despite apparent differences in level of academic competence and focus of instruction."  (*Id.* at PageID.251).  He was a "compliant, cooperative, and productive student."  (*Id.*).  The school psychologist concluded her report with a statement that plaintiff's "development of adaptive skills appeare[d] adequate within the structured residential treatment and school setting."  (*Id.* at PageID.258).

In 2003, it was noted in plaintiff's individualized education program that he was independent in his activities of daily living and did not require services at home. (*Id.* at PageID.264).  He was involved in the general education curriculum except during his one or two blocks of special education.  He participated in extra-curricular activities and non-academic activities under the same policies and procedures as general education students.  (*Id.* at PageID.266).  On November 13, 2003, plaintiff indicated that the reason that he brought a box cutter to school was that he "went to work right after school."  (*Id.* at PageID.261).

Plaintiff graduated from high school.[3] (Plf. Brief at 12, ECF No. 16, PageID.587; *see also* ECF No. 7-2, PageID.71). A history of special education does not necessarily demonstrate deficits in adaptive functioning manifested before age 22. *See Peterson* 552 F. App'x at 540; *Sheeks v. Commissioner*, 544 F. App'x 639, 642 (6th Cir. 2013). Further, plaintiff's low IQ scores "do not serve as evidence that [he] suffered . . . deficits in [his] adaptive functioning during [his] developmental period." *Turner v. Commissioner*, 381 F. App'x 488, 491-92 (6th Cir. 2010).

Plaintiff acknowledges his testimony that he was "on [his] own" for about seven months (ECF No. 7-2, PageID.70), but he places emphasis on the assistance with paying bills provided by his live-in girlfriend. (Plf. Brief at 12, ECF No, 16, PageID.587). He also emphasizes his inability to sustain employment. (*Id.*). Highlighting only the evidence supporting a claim "is not the proper inquiry," however, because "[e]ven if the Court were persuaded that substantial evidence supports a conclusion that [plaintiff] ha[d] deficits in adaptive functioning, reversal of the ALJ's decision would not be justified if it is supported by substantial evidence." *Grahm v. Commissioner*, No. 2:17-cv-727, 2018 WL 3524469, at *8 (S.D. Ohio July 23, 2018) (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).

---

[3] Notably absent from this record is a transcript describing plaintiff's high school courses and the grades he achieved.

The evidence cited by the ALJ is substantial evidence on which he could reasonably find that plaintiff did not satisfy the requirement of deficits in adaptive functioning initially manifested during the developmental period.[4]  *See Ralph v. Commissioner*, No. 1:15-cv-90, 2016 WL 74422, at *5 (W.D. Mich. Jan. 6, 2016); *see also McCoy v. Commissioner*, No. 2:17-cv-191, 2018 WL 3456495, at *4 (S.D. Ohio July 16, 2017); *Pitts v. Commissioner*, No. 17-10184, 2018 WL 1221867, at *5 (E.D. Mich. Feb. 14, 2018) (collecting cases).  I find no basis for disturbing the Commissioner's decision.

**2.**

Plaintiff argues that the ALJ's finding regarding his RFC is not supported by substantial evidence because the ALJ failed to consider all the effects of his physical and mental impairments on his ability to sustain work activity and he failed to provide an adequate explanation why he found that plaintiff was not entirely credible. (Plf. Brief at 16-20, ECF No. 11, PageID.573, 591-95).

A.  RFC

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 416.927(d)(2); *see Mokbel-Aljahami v. Commissioner*, No. 17-2044, __ F.

---

[4] The ALJ also found that plaintiff "did not have a physical or other mental impairment imposing an additional and significant work-related limitation of function." (Op. at 7, PageID.57).  The ALJ did not explain the basis for this finding. The error is harmless, however, because plaintiff was required to satisfy all the listing's requirements.  *See McMillan v. Commissioner*, No. 1:10-cv-308, 2011 WL 6997635, at *6 (W.D. Mich. Sept. 26, 2011); *see also Ali v. Commissioner*, No. 5:14-cv-13939, 2016 WL 1090442, at *12 (E.D. Mich. Mar. 31, 2016).

App'x __, 2018 WL 2017564, at *5 (6th Cir. Apr. 30, 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff argues that the ALJ "failed to address pertinent testimony and third party information[.]" (Plf. Brief at 16, ECF No. 16, PageID.591). The ALJ is not required to discuss every piece of evidence in the administrative record. *See Kornecky v. Commissioner*, 167 F. App'x 496, 508 (6th Cir. 2006). Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence. *See Ulman v. Commissioner*, 693 F.3d at 713. "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772. The ALJ's decision provides an accurate summary of the administrative record.

Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have found a greater level of restriction. He must show that the ALJ's factual finding is not supported by substantial evidence. *See Jones*, 336 F.3d at 477 ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as

substantial evidence also supports the conclusion reached by the ALJ."). Plaintiff has not shown error here.

Plaintiff argues that the ALJ's RFC finding failed to take his inability to concentrate into account. (Plf. Brief at 17-18, ECF No. 16, PageID.587-88). I find no error.

The ALJ found that the fact that no physician had imposed a work-preclusive limitation on plaintiff's functioning was an indicator that his symptoms were not as severe as he claimed. (Op. at 8, ECF No. 7-2, PageID.58). Plaintiff was not hospitalized for any mental impairment and he did not participate in ongoing outpatient therapy. (*Id.* at 8-9, PageID.58-59). There was no evidence of serious side effects from medications. (*Id.* at PageID.58). Plaintiff had a "scant employment history, and a history of illegality (e.g. retail fraud)[.]" (*Id.*). The record did not fully support plaintiff's claims regarding the magnitude of his symptoms. (*Id.*). Plaintiff "provided somewhat inconsistent or evasive answers during the hearing such as his use of tobacco, custody matters, hobbies and averred limitations." (*Id.*; *see e.g.*, ECF No. 7-2, PageID.70-74). The record did not support plaintiff's claims that he needed frequent reminders and re-direction. Plaintiff's recall of events undercut his claims of memory problems. (*Id.*). His daily activities further undermined the functional limitations that he claimed. (*Id.*). The ALJ found that, with respect to plaintiff's mental and intellectual status, "the evidence d[id] not suggest or establish that [plaintiff] lacks suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple, routine, and somewhat

isolative in nature, as depicted in [the] adopted RFC." (Op. at 8, ECF No. 7-2, PageID.58). The ALJ's RFC finding is supported by substantial evidence.

### B. Credibility

Plaintiff's closely-related challenge to the ALJ's credibility finding lacks merit. Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir.2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d at 714. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.' "). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is]

subjective complaints." *Buxton v. Halter*, 246 F.3d at 773.

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248.

The ALJ gave an adequate explanation of his factual findings regarding plaintiff's credibility and his findings are supported by substantial evidence. (Op. at 7-9, ECF No. 7-2, PageID.57-59).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: August 13, 2018   /s/ Phillip J. Green
                         PHILLIP J. GREEN
                         United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).