UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELTON WILLIAM ALVIN KOAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:17-cv-602

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Supplemental Security Income (SSI) benefits. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 20). Defendant filed a response to the objections (ECF No. 21). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff objects that the Administrative Law Judge's (ALJ's) finding that Plaintiff did not meet Listing 12.05(C) for intellectual disability is not supported by substantive evidence and the ALJ failed to follow the proper standards (ECF No. 20 at PageID.630-631). As an initial matter, Plaintiff's objection is improperly directed to review of the ALJ's decision rather than the Report and Recommendation of the Magistrate Judge. Plaintiff's arguments in this regard merely re-raise

arguments raised previously before the Magistrate Judge (ECF No. 16 at PageID.583-589; (ECF No. 20 at PageID.631-638).

A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). "A party's objections must be 'specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious.'" *Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, 1992 WL 197286, at *2 (6th Cir. 1992) (table decision) (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "[T]his purpose is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge." *Freeman*, 1992 WL 197286, at *2.

Plaintiff otherwise provides only a cursory challenge to the Report and Recommendation. In this regard, Plaintiff states that the Report and Recommendation "cites portions of the record including, but not limited to, evidence [Plaintiff] interacted with other students, he was cooperative, he did not need services at home and he graduated from high school. (PageID.623-24). However, the ALJ did not raise any of the arguments set forth in the Commissioner's brief or the R&R in support of his finding that [Plaintiff] did not have deficits in his adaptive functioning prior to age 22" (ECF No. 20 at PageID.637). Plaintiff states that the affirmance of an ALJ's opinion must be based grounds set forth in the ALJ's Decision (*id.*, citing *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991) "(*post hoc* rationalization including grounds not considered by the agency cannot serve as the basis for affirmation of an agency's order);" *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985); and *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

To the extent Plaintiff argues that the Magistrate Judge relied on improper *post hoc* rationalization to affirm the ALJ's decision, his argument is without merit. The Magistrate Judge properly set forth the ALJ's findings and cited the record in responding to Plaintiff's specific argument that the ALJ "greatly overstated" Plaintiff's capabilities (ECF No. 19 at PageID.622). The Magistrate Judge then proceeded to consider Plaintiff's primary argument in light of the record, concluding: "The evidence cited by the ALJ is substantial evidence on which he could reasonably find that plaintiff did not satisfy the requirement of deficits in adaptive functioning initially manifested during the developmental period" (*id*. at PageID.625). The Magistrate Judge properly considered Plaintiff's arguments on appeal in light of the record, governing law, and the ALJ's decision. Plaintiff's objections are denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 20) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated: September 7, 2018            /s/ Janet T. Neff
           JANET T. NEFF
           United States District Judge